OPINION OF THE COURT
Allan L. Winick, J.
The wife is plaintiff in an action seeking a judgment direct *48 ing her husband to convey to her an undivided one-half interest in premises known as 22 Johnson Avenue, Málveme.
The husband is plaintiff in an action seeking a divorce from his wife.
In the first action, the wife moves for summary judgment asking for specific performance of an agreement made between the parties prior to the marriage taking place. The agreement is as follows: "In consideration of the parties’ intention to marry within a reasonable time Gerard W. Fee will after said marriage cause to be drawn up a new deed transferring title in the premises located at 22 Johnson Avenue, Málveme, New York to Gerard W. Fee and Patricia Gubbins Fee, his wife. This agreement will be deemed void if said marriage does not occur.”
The marriage has occurred but Gerard has refused to execute the deed as agreed upon.
In the second action, the husband cross-moves to consolidate the actions. He also opposes the wife’s motion for summary judgment as she opposes the consolidation.
As to the specific performance action, the husband contends that the agreement is unenforceable because of the provisions of Civil Rights Law § 80-a and, further, there are questions of fact which must await a trial. He points to a letter written by his wife prior to marriage in which she says "you know that I intended to use my salary to help pay off a mortgage”, as well as conversations which he claims would indicate that the agreement to convey was based on this promise, and that there had been interim delay in the wedding until this matter could be concluded.
The wife attributes the delays to the necessity of awaiting for her divorce papers terminating her prior marriage. She also claims that the premises in question was found by both of them, but that title was taken in the husband’s name alone since she was still married to another, with the transfer to her and her husband’s name to take place after their marriage.
In addition the wife asserts that the letter written by her contained more pages than are attached as an exhibit to her husband’s affidavit in opposition to the motion for summary judgment, which pages "would not serve the defendant’s interests by showing it to the court.” She also denies a promise to pay the mortgage.
Before discussing the procedural posture of the motion for summary judgment, it would be appropriate to determine the *49 validity of the husband’s argument with respect to the unenforceability of the agreement to convey with respect to the provisions of section 80-a of the Civil Rights Law. A brief discussion of section 80-b of that law will also be necessary.
Section 80-a provides as follows:
"§ 80-a. Causes of action for alienation of affections, criminal conversation, seduction and breach of contract to marry abolished
"The rights of action to recover sums of money as damages for alienation of affections, criminal conversation, seduction, or breach of contract to marry are abolished. No act done within this state shall operate to give rise, either within or without this state, to any such right of action. No contract to marry made or entered into in this state shall operate to give rise, either within or without this state, to any cause or right of action for its breach.”
The husband takes the position that the agreement made is one in contemplation of marriage, the breach of which does not give rise to any cause or right of action and, therefore, the wife’s cause of action for specific performance of the contract to convey the interest in the real property cannot be maintained.
The court does not agree with this proposition for several reasons.
The marriage did take place. There was no breach of a contract to marry, only of the promise to subsequently convey. Isn’t this agreement a prenuptial agreement? No money damages are sought in the lawsuit as a result of a failure to carry out a promise to marry.
Further, the agreement provides that it is void if the parties do not marry. Specifically negatived, therefore, is any intent that there is to be liability on anyone’s part if the marriage does not take place.
The intent of the statute is to avoid suits where there is a breach of promise of marriage. The provisions in the agreement voiding the agreement if there is no marriage seem to be consistent with the purpose of the statute.
Every prenuptial agreement contains promises to be effective in contemplation of and after a marriage takes place. The statute in question is not intended, nor has it ever been so intended or construed, so as to prevent the enforcement of such contractual obligations.
Therefore, the argument advanced by the husband that the *50 agreement is unenforceable because of the provisions of section 80-a of the Civil Rights Law must fail.
Nevertheless, the motion for summary judgment must be denied since there are issues of fact raised by the affidavits which require a trial and also for reasons hereinafter discussed.
Having decided that the agreement made between the parties was in reality a prenuptial agreement, the court will turn its attention to a provision of the Domestic Relations Law relating to agreements made by the parties before or during the marriage. Notably, this section (§ 236 [B] [3]) is embodied in the equitable distribution provisions of that law and provides that to be enforceable such agreement must be in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded.
Section 303 of the Real Property Law states that, "An acknowledgment must not be taken by any officer unless he knows or has satisfactory evidence, that the person making it is the person described in and who executed such instrument.” In addition, section 306 requires that, "A person taking the acknowledgment or proof of a conveyance must endorse * * * a certificate, signed by himself, stating all the matters required to be done, known, or proved on the taking of such acknowledgment or proof’.
In these respects, this agreement does not fully comply with Domestic Relations Law § 236 (B) (3). It is in writing, it is signed by both parties, but it has not been acknowledged or proven in the manner required to entitle a deed to be recorded. The simple notarization attached to the agreement does not fulfill the requirements of Real Property Law § 306.
What is the result? Simply, that it will not serve in the matrimonial action as an opting-out agreement, total or partial. Therefore, the real property in question will be dealt with in the matrimonial action. No determination need be made at this juncture as to whether the real property is separate or marital property.
It becomes apparent that under these circumstances, it is appropriate to consolidate the action for specific performance of the agreement with the matrimonial action, both now *51 pending before this court. They are, therefore, ordered to be consolidated using the index number assigned to the matrimonial action, 11183/90, and using a single caption, "Gerard W. Fee, Plaintiff against Patricia Fee, Defendant”.